# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 20- |
| v. | : | DATE FILED: |
| CHRISTOPHER MAY | : | VIOLATIONS:<br>18 U.S.C. § 1343 (wire fraud – 2 counts) |
| | : | Notice of forfeiture |

## INFORMATION

## COUNTS ONE AND TWO

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times material to this information:

1.  Defendant CHRISTOPHER MAY was a licensed accountant in the Commonwealth of Pennsylvania and was employed in the accounting department of an e-commerce retailer (hereafter referred to as "Company 1") located in Paoli, in the Eastern District of Pennsylvania.

2.  By virtue of his position with Company 1, defendant CHRISTOPHER MAY had access to Company 1's business accounts with PayPal, an online payment processing system, and had the ability to direct funds in and from Company 1's PayPal accounts.

3.  Defendant CHRISTOPHER MAY was not authorized to make transfers of Company 1's corporate funds into his personal accounts for any reason.

4.  The computers and servers utilized by defendant CHRISTOPHER MAY to direct transfers of funds from Company 1's accounts were located in the Eastern District of Pennsylvania. The PayPal servers to which these signals were directed were located in San Jose, California and/or Scottsdale, Arizona.

5. From on or about October 9, 2019 through on or about May 26, 2020, in the Eastern District of Pennsylvania, defendant

**CHRISTOPHER MAY**

devised and intended to devise a scheme to defraud Company 1 and to obtain money and property by means of false and fraudulent pretenses, representations and promises.

**MANNER AND MEANS**

It was part of the scheme that:

1. Defendant CHRISTOPHER MAY carried out regular, unauthorized transfers of funds from Company 1's PayPal accounts into defendant MAY's personal PayPal accounts. These payments served no legitimate business purpose or interest of Company 1, and defendant MAY made them in violation of his professional and fiduciary obligations to Company 1.

2. In directing these transfers, defendant CHRISTOPHER MAY falsely represented to PayPal that the transfers were appropriately authorized and were made with the knowledge and consent of Company 1, the holder of the accounts and owner of the transferred funds.

3. In reality, Company 1 was unaware of these unauthorized transfers, and defendant CHRISTOPHER MAY actively concealed the existence of the transfers from his managers and colleagues at Company 1.

4. Among other things, defendant CHRISTOPHER MAY falsified Company 1's bank statements and other records in order conceal the fact that he was stealing money from Company 1's PayPal accounts, thereby both hiding and prolonging the fraudulent scheme.

5. Between October 2019 and May 2020, defendant CHRISTOPHER MAY made at least 54 separate unauthorized transfers of funds from Company 1's PayPal accounts into defendant MAY's personal PayPal accounts, stealing a total of $1,213,500 from Company 1.

6. On or about the dates below, in the Eastern District of Pennsylvania, and elsewhere, defendant

**CHRISTOPHER MAY**

for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| COUNT | DATE | SENDER | RECIPIENT | DESCRIPTION |
|---|---|---|---|---|
| One | October 9, 2020 | CHRISTOPHER MAY | PayPal Holdings, Inc. | Instructions to transfer funds from the PayPal account associated with Company 1 to the PayPal account associated with cmay13x@gmail.com |
| Two | May 26, 2020 | CHRISTOPHER MAY | PayPal Holdings, Inc. | Instructions to transfer funds from the PayPal account associated with Company 1 to the PayPal account associated with cmay13x@gmail.com |

All in violation of Title 18, United States Code, Section 1343.

## NOTICE OF FORFEITURE

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1. As a result of the violations of Title 18, United States Code, Sections 1343 and 1349, set forth in this Information, defendant

**CHISTOPHER MAY**

shall forfeit to the United States of America any property, constituting, or derived from, proceeds obtained directly or indirectly, as the result of such violation, including, but not limited to $1,213,500.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other

property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 28 United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).

/s/Ronald Sarachan (for)
**WILLIAM M. McSWAIN**
**UNITED STATES ATTORNEY**

*No.*\_ \_ \_ \_ \_ \_ \_ \_ \_ \_

### UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

Criminal Division

### THE UNITED STATES OF AMERICA

vs.

### CHRISTOPHER MAY

INFORMATION

18 U.S.C. § 1343 (wire fraud – 2 counts)

A true bill.

_____
Foreman

Filed in open court this _____day,
Of _____A.D. 20_____
_____
Clerk

Bail, $_____